Electronically FILED by Superior Court of California, County of Los Angeles on 07/30/2021 03:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV28197

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Teresa Beaudet

1 | Joseph Lavi, Esq. (SBN 209776)
jlavi@lelawfirm.com
2 | Vincent C. Granberry, Esq. (SBN 276483)
vgranberry@lelawfirm.com
3 | Pooja V. Patel, Esq. (SBN 317891)
Kevin Joseph Farnan, Esq. (SBN 327524)
4 | kfarnan@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
5 | 8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
6 | Telephone: (310) 432-0000
Facsimile: (310) 432-0001
7 |
Attorneys for Plaintiffs GLORIBEL TURCIOS, KAMLESH KUMAR
8 | and YARA MEDINA on behalf of themselves and current and former aggrieved employees

9 |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 |

**FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

11 |

| | |
|---|---|
| 12 GLORIBEL TURCIOS, KAMLESH KUMAR, and YARA MEDINA, on behalf of themselves and other aggrieved employees, <br><br> 14   Plaintiff, <br><br> 15   vs. <br><br> 16 CPE HR, INC.; WINDSOR CHEVIOT HILLS, LLC; WINDSOR CARE CENTER OF CHEVIOT HILLS; WINDSOR CONVALESCENT AND REHABILITATION CENTER OF CONCORD, LLC; WINDSOR COUNTRY DRIVE CARE CENTER, LLP; WINDSOR EL CAMINO CARE CENTER, LLC; WINDSOR ELK GROVE CARE AND REHABILITATION, LLC; WINDSOR ELMHAVEN CARE CENTER, LLC; WINDSOR CONVALESCENT AND REHABILITATION CENTER OF FREMONT, LLC; WINDSOR GARDENS HEALTHCARE CENTER OF HAYWARD, LLC; WINDSOR HAYWARD ESTATES, LLC; WINDSOR HAMPTON CARE CENTER, LLC; WINDSOR MONTEREY CARE CENTER, LLC; WINDSOR SACRAMENTO ESTATES, LLC; WINDSOR THE RIDGE REHABILITATION CENTER, LLC; WINDSOR CONVALESCENT AND REHABILITATION CENTER OF SALINAS, LLC; WINDSOR SKYLINE CARE CENTER, LLC; WINDSOR ROSEWOOD CARE CENTER, LLC; WINDSOR VALLEJO CARE CENTER, LLC; WINDSOR CARE CENTER OF PETALUMA, LLC; WINDSOR | Case No.: 21STCV28197 <br><br> **PAGA ACTION** <br><br> **PLAINTIFF GLORIBEL TURCIOS, KAMLESH KUMAR, AND YARA MEDINA'S COMPLAINT FOR DAMAGES AND RESTITUTION FOR:** <br><br> 1.   **CIVIL PENALTIES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA"), LABOR CODE SECTION 2698,** *et seq.* |

**EXHIBIT 1**                    **Page 14**

HEALTHCARE GOLDEN PALMS, LLC;
WINDSOR TWIN PALMS HEALTHCARE
CENTER, LLC; WINDSOR ARVIN
HEALTHCARE, LLC; WINDSOR
BAKERSFIELD HEALTHCARE, LLC;
WINDSOR CYPRESS GARDENS
HEALTHCARE LLC; WINDSOR GARDENS
CONVALESCENT CENTER OF LONG
BEACH; WINDSOR CONVALESCENT
CENTER OF NORTH LONG BEACH;
WINDSOR GARDENS CONVALESCENT
HOSPITAL OF LOS ANGELES; WINDSOR
GARDENS CONVALESCENT CENTER OF
SAN DIEGO; WINDSOR CARE CENTER
NATIONAL CITY, INC.; WINDSOR
TERRACE HEALTHCARE, LLC; WINDSOR
COURT ASSISTED LIVING, LLC; WINDSOR
WESTLAKE HEALTHCARE, LLC; and DOES
1 to 200, inclusive,

    Defendants.

**COME NOW** Plaintiffs GLORIBEL TURCIOS, KAMLESH KUMAR, and YARA MEDINA ("Plaintiffs"), who alleges and complains against Defendants CPE HR, INC.; WINDSOR CHEVIOT HILLS, LLC; WINDSOR CARE CENTER OF CHEVIOT HILLS; WINDSOR CONVALESCENT AND REHABILITATION CENTER OF CONCORD, LLC; WINDSOR COUNTRY DRIVE CARE CENTER, LLP; WINDSOR EL CAMINO CARE CENTER, LLC; WINDSOR ELK GROVE CARE AND REHABILITATION, LLC; WINDSOR ELMHAVEN CARE CENTER, LLC; WINDSOR CONVALESCENT AND REHABILITATION CENTER OF FREMONT, LLC; WINDSOR GARDENS HEALTHCARE CENTER OF HAYWARD, LLC; WINDSOR HAYWARD ESTATES, LLC; WINDSOR HAMPTON CARE CENTER, LLC; WINDSOR MONTEREY CARE CENTER, LLC; WINDSOR SACRAMENTO ESTATES, LLC; WINDSOR THE RIDGE REHABILITATION CENTER, LLC; WINDSOR CONVALESCENT AND REHABILITATION CENTER OF SALINAS, LLC; WINDSOR SKYLINE CARE CENTER, LLC; WINDSOR ROSEWOOD CARE CENTER, LLC; WINDSOR VALLEJO CARE CENTER, LLC; WINDSOR CARE CENTER OF PETALUMA, LLC; WINDSOR HEALTHCARE GOLDEN PALMS, LLC; WINDSOR TWIN PALMS HEALTHCARE CENTER, LLC; WINDSOR ARVIN HEALTHCARE, LLC; WINDSOR BAKERSFIELD HEALTHCARE, LLC; WINDSOR CYPRESS GARDENS HEALTHCARE

**EXHIBIT 1**          **Page 15**

1  LLC; WINDSOR GARDENS CONVALESCENT CENTER OF LONG BEACH; WINDSOR
2  CONVALESCENT CENTER OF NORTH LONG BEACH; WINDSOR GARDENS
3  CONVALESCENT HOSPITAL OF LOS ANGELES; WINDSOR GARDENS
4  CONVALESCENT CENTER OF SAN DIEGO; WINDSOR CARE CENTER NATIONAL
5  CITY, INC.; WINDSOR TERRACE HEALTHCARE, LLC; WINDSOR COURT ASSISTED
6  LIVING, LLC; WINDSOR WESTLAKE HEALTHCARE, LLC and DOES 1 to 200, inclusive
7  (collectively "Defendants") as follows:

8  **I.    INTRODUCTION**

9       1.    This is a Private Attorneys' General Act of 2004, Lab. Code § 2698, et seq.
10  ("PAGA"). representative action brought by Plaintiffs on behalf of the State of California,
11  themselves and other current and former aggrieved employees of Defendants who worked as
12  hourly, non-exempt employees, in California during the relevant time period seeking civil
13  penalties associated with Defendants' violation of the Labor Code based on Defendant's failure to
14  provide all legally required and legally compliant meal and rest periods, failure to timely pay
15  earned wages during employment, failure to provide complete and accurate wage statements, and
16  failure to timely pay all unpaid wages following separation of employment. Plaintiffs seek on a
17  representative basis, following notice to the Labor and Workforce Development Agency, civil
18  penalties, reasonable attorney's fees pursuant to Labor Code section 2699(g)(1) and costs brought
19  on behalf of Plaintiffs, the State of California, and others aggrieved.

20  **II.    JURISDICTION AND VENUE**

21       2.    This Court has jurisdiction over Plaintiffs and other current and former aggrieved
22  hourly non-exempt California-based employees' claims because Plaintiffs' lawsuit seeks damages
23  in excess of $25,000 and Defendants employed the aggrieved employees in California and injuries
24  occurred in locations in California including, but not limited to, Los Angeles County at 3533
25  Motor Av., Los Angeles, CA 90034.

26  / / /
27  / / /
28  / / /

---

**COMPLAINT**
3

**EXHIBIT 1**                                    **Page 16**

III.    **PARTIES**

3.     Plaintiffs bring this action as a representative of the Labor and Workforce Development Agency on behalf of themselves, the State of California, and other current and former employees subject to violations of the Labor Code. The named Plaintiffs and the persons on whose behalf this action is filed include current, former and/or future employees of Defendants who worked, work, or will work for Defendants as non-exempt hourly employees in California. At all times mentioned herein, the currently named Plaintiffs are and were domiciled and  residents and citizens of California and were employed by Defendants in hourly positions at Defendants' location in Los Angeles

4.     Plaintiff GLORIBEL TURCIOS was employed by Defendants from approximately April 3, 2019, until her termination on or about March 16, 2020.

5.     Plaintiff KAMLESH KUMAR was employed by Defendants from approximately May 23, 2014, until her termination on or about April 12, 2021.

6.     Plaintiff YARA MADINA has been employed by Defendants since approximately November 2019.

7.     Plaintiffs are informed and believe and thereon allege that Defendant CPE HR, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1-5 are, and at all times relevant hereto were persons acting on behalf of Defendant CPE HR, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant CPE HR, INC. operates in Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-exempt California-based employees in Los Angeles County, including but not limited to, at 7590 N. Glenoaks Boulevard, Burbank CA, 91504.

8.     Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR CHEVIOT HILLS, LLC is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 6-10 are, and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR CHEVIOT HILLS, LLC in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

**EXHIBIT 1**                                    **Page 17**

1  Defendant WINDSOR CHEVIOT HILLS, LLC operates in Los Angeles County and employed
2  Plaintiffs and other current and former aggrieved hourly non-exempt California-based employees
3  in Los Angeles County, including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

4      9.     Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR
5  CARE CENTER OF CHEVIOT HILLS is authorized to do business within the State of California
6  and is doing business in the State of California and/or that Defendants DOES 11-15 are, and at all
7  times relevant hereto were persons acting on behalf of Defendant WINDSOR CARE CENTER OF
8  CHEVIOT HILLS in the establishment of, or ratification of, the aforementioned illegal wage and
9  hour practices or policies. Defendant WINDSOR CARE CENTER OF CHEVIOT HILLS operates
10 in Los Angeles County and employed Plaintiff and other current and former aggrieved hourly non-
11 exempt California-based employees in Los Angeles County, including but not limited to, at 3533
12 Motor Ave, Los Angeles, CA 90034.

13     10.    Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR
14 CONVALESCENT AND REHABILITATION CENTER OF CONCORD, LLC is authorized to
15 do business within the State of California and is doing business in the State of California and/or
16 that Defendants DOES 16-20 are, and at all times relevant hereto were persons acting on behalf of
17 Defendant WINDSOR CONVALESCENT AND REHABILITATION CENTER OF CONCORD,
18 LLC in the establishment of, or ratification of, the aforementioned illegal wage and hour practices
19 or policies. Defendant WINDSOR CONVALESCENT AND REHABILITATION CENTER OF
20 CONCORD, LLC operates in Los Angeles County and employed Plaintiffs and other current and
21 former aggrieved hourly non-exempt California-based employees in Los Angeles County,
22 including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

23     11.    Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR
24 COUNTRY DRIVE CARE CENTER, LLP is authorized to do business within the State of
25 California and is doing business in the State of California and/or that Defendants DOES 21-25 are,
26 and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR
27 COUNTRY DRIVE CARE CENTER, LLP in the establishment of, or ratification of, the
28 aforementioned illegal wage and hour practices or policies. Defendant WINDSOR COUNTRY

1    DRIVE CARE CENTER, LLP operates in Los Angeles County and employed Plaintiff and other

2    current and former aggrieved hourly non-exempt California-based employees in Los Angeles

3    County, including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

4        12.    Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

5    EL CAMINO CARE CENTER, LLC is authorized to do business within the State of California

6    and is doing business in the State of California and/or that Defendants DOES 26-30 are, and at all

7    times relevant hereto were persons acting on behalf of Defendant WINDSOR EL CAMINO

8    CARE CENTER, LLC in the establishment of, or ratification of, the aforementioned illegal wage

9    and hour practices or policies. Defendant WINDSOR EL CAMINO CARE CENTER, LLC

10   operates in Los Angeles County and employed Plaintiffs and other current and former aggrieved

11   hourly non-exempt California-based employees in Los Angeles County, including but not limited

12   to, at 3533 Motor Ave, Los Angeles, CA 90034.

13       13.    Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

14   ELK GROVE CARE AND REHABILITATION, LLC is authorized to do business within the

15   State of California and is doing business in the State of California and/or that Defendants DOES

16   31-35 are, and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR

17   ELK GROVE CARE AND REHABILITATION, LLC in the establishment of, or ratification of,

18   the aforementioned illegal wage and hour practices or policies. Defendant WINDSOR ELK

19   GROVE CARE AND REHABILITATION, LLC operates in Los Angeles County and employed

20   Plaintiffs and other current and former aggrieved hourly non-exempt California-based employees

21   in Los Angeles County, including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

22       14.    Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

23   ELMHAVEN CARE CENTER, LLC is authorized to do business within the State of California

24   and is doing business in the State of California and/or that Defendants DOES 36-40 are, and at all

25   times relevant hereto were persons acting on behalf of Defendant WINDSOR ELMHAVEN

26   CARE CENTER, LLC in the establishment of, or ratification of, the aforementioned illegal wage

27   and hour practices or policies. Defendant WINDSOR ELMHAVEN CARE CENTER, LLC

28   operates in Los Angeles County and employed Plaintiffs and other current and former aggrieved

1  hourly non-exempt California-based employees in Los Angeles County, including but not limited

2  to, at 3533 Motor Ave, Los Angeles, CA 90034.

3        15.    Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

4  CONVALESCENT AND REHABILITATION CENTER OF FREMONT, LLC is authorized to

5  do business within the State of California and is doing business in the State of California and/or

6  that Defendants DOES 41-45 are, and at all times relevant hereto were persons acting on behalf of

7  Defendant WINDSOR CONVALESCENT AND REHABILITATION CENTER OF FREMONT,

8  LLC in the establishment of, or ratification of, the aforementioned illegal wage and hour practices

9  or policies. Defendant WINDSOR CONVALESCENT AND REHABILITATION CENTER OF

10  FREMONT, LLC operates in Los Angeles County and employed Plaintiffs and other current and

11  former aggrieved hourly non-exempt California-based employees in Los Angeles County,

12  including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

13        16.    Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

14  GARDENS HEALTHCARE CENTER OF HAYWARD, LLC is authorized to do business within

15  the State of California and is doing business in the State of California and/or that Defendants

16  DOES 46-50 are, and at all times relevant hereto were persons acting on behalf of Defendant

17  WINDSOR GARDENS HEALTHCARE CENTER OF HAYWARD, LLC in the establishment

18  of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant

19  WINDSOR GARDENS HEALTHCARE CENTER OF HAYWARD, LLC operates in Los

20  Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-

21  exempt California-based employees in Los Angeles County, including but not limited to, at 3533

22  Motor Ave, Los Angeles, CA 90034.

23        17.    Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

24  HAYWARD ESTATES, LLC is authorized to do business within the State of California and is

25  doing business in the State of California and/or that Defendants DOES 51-55 are, and at all times

26  relevant hereto were persons acting on behalf of Defendant WINDSOR HAYWARD ESTATES,

27  LLC in the establishment of, or ratification of, the aforementioned illegal wage and hour practices

28  or policies. Defendant WINDSOR HAYWARD ESTATES, LLC operates in Los Angeles County

**EXHIBIT 1**         **Page 20**

1  and employed Plaintiffs and other current and former aggrieved hourly non-exempt California-

2  based employees in Los Angeles County, including but not limited to, at 3533 Motor Ave, Los

3  Angeles, CA 90034.

4       18.    Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

5  HAMPTON CARE CENTER, LLC is authorized to do business within the State of California and

6  is doing business in the State of California and/or that Defendants DOES 56-60 are, and at all

7  times relevant hereto were persons acting on behalf of Defendant WINDSOR HAMPTON CARE

8  CENTER, LLC in the establishment of, or ratification of, the aforementioned illegal wage and

9  hour practices or policies. Defendant WINDSOR HAMPTON CARE CENTER, LLC operates in

10  Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-

11  exempt California-based employees in Los Angeles County, including but not limited to, at 3533

12  Motor Ave, Los Angeles, CA 90034.

13      19.    Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

14  MONTEREY CARE CENTER, LLC is authorized to do business within the State of California

15  and is doing business in the State of California and/or that Defendants DOES 61-65 are, and at all

16  times relevant hereto were persons acting on behalf of Defendant WINDSOR MONTEREY

17  CARE CENTER, LLC in the establishment of, or ratification of, the aforementioned illegal wage

18  and hour practices or policies. Defendant WINDSOR MONTEREY CARE CENTER, LLC

19  operates in Los Angeles County and employed Plaintiffs and other current and former aggrieved

20  hourly non-exempt California-based employees in Los Angeles County, including but not limited

21  to, at 3533 Motor Ave, Los Angeles, CA 90034.

22      20.    Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

23  SACRAMENTO ESTATES, LLC is authorized to do business within the State of California and

24  is doing business in the State of California and/or that Defendants DOES 66-70 are, and at all

25  times relevant hereto were persons acting on behalf of Defendant WINDSOR SACRAMENTO

26  ESTATES, LLC in the establishment of, or ratification of, the aforementioned illegal wage and

27  hour practices or policies. Defendant WINDSOR SACRAMENTO ESTATES, LLC operates in

28  Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-

1   exempt California-based employees in Los Angeles County, including but not limited to, at 3533

2   Motor Ave, Los Angeles, CA 90034.

3       21.   Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

4   THE RIDGE REHABILITATION CENTER, LLC is authorized to do business within the State of

5   California and is doing business in the State of California and/or that Defendants DOES 71-75 are,

6   and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR THE

7   RIDGE REHABILITATION CENTER, LLC in the establishment of, or ratification of, the

8   aforementioned illegal wage and hour practices or policies. Defendant WINDSOR THE RIDGE

9   REHABILITATION CENTER, LLC operates in Los Angeles County and employed Plaintiffs and

10   other current and former aggrieved hourly non-exempt California-based employees in Los

11   Angeles County, including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

12       22.   Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

13   CONVALESCENT AND REHABILITATION CENTER OF SALINAS, LLC is authorized to do

14   business within the State of California and is doing business in the State of California and/or that

15   Defendants DOES 76-80 are, and at all times relevant hereto were persons acting on behalf of

16   Defendant WINDSOR CONVALESCENT AND REHABILITATION CENTER OF SALINAS,

17   LLC in the establishment of, or ratification of, the aforementioned illegal wage and hour practices

18   or policies. Defendant WINDSOR CONVALESCENT AND REHABILITATION CENTER OF

19   SALINAS, LLC operates in Los Angeles County and employed Plaintiffs and other current and

20   former aggrieved hourly non-exempt California-based employees in Los Angeles County,

21   including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

22       23.   Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

23   SKYLINE CARE CENTER, LLC is authorized to do business within the State of California and is

24   doing business in the State of California and/or that Defendants DOES 81-85 are, and at all times

25   relevant hereto were persons acting on behalf of Defendant WINDSOR SKYLINE CARE

26   CENTER, LLC in the establishment of, or ratification of, the aforementioned illegal wage and

27   hour practices or policies. Defendant WINDSOR SKYLINE CARE CENTER, LLC operates in

28   Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-

**EXHIBIT 1**                **Page 22**

1   exempt California-based employees in Los Angeles County, including but not limited to, at 3533

2   Motor Ave, Los Angeles, CA 90034.

3       24.     Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

4   ROSEWOOD CARE CENTER, LLC is authorized to do business within the State of California

5   and is doing business in the State of California and/or that Defendants DOES 86-90 are, and at all

6   times relevant hereto were persons acting on behalf of Defendant WINDSOR ROSEWOOD

7   CARE CENTER, LLC in the establishment of, or ratification of, the aforementioned illegal wage

8   and hour practices or policies. Defendant WINDSOR ROSEWOOD CARE CENTER, LLC

9   operates in Los Angeles County and employed Plaintiff and other current and former aggrieved

10  hourly non-exempt California-based employees in Los Angeles County, including but not limited

11  to, at 3533 Motor Ave, Los Angeles, CA 90034.

12      25.     Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

13  VALLEJO CARE CENTER, LLC is authorized to do business within the State of California and

14  is doing business in the State of California and/or that Defendants DOES 91-95 are, and at all

15  times relevant hereto were persons acting on behalf of Defendant WINDSOR VALLEJO CARE

16  CENTER, LLC in the establishment of, or ratification of, the aforementioned illegal wage and

17  hour practices or policies. Defendant WINDSOR VALLEJO CARE CENTER, LLC operates in

18  Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-

19  exempt California-based employees in Los Angeles County, including but not limited to, at 3533

20  Motor Ave, Los Angeles, CA 90034.

21      26.     Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

22  CARE CENTER OF PETALUMA, LLC is authorized to do business within the State of

23  California and is doing business in the State of California and/or that Defendants DOES 96-100

24  are, and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR CARE

25  CENTER OF PETALUMA, LLC in the establishment of, or ratification of, the aforementioned

26  illegal wage and hour practices or policies. Defendant WINDSOR CARE CENTER OF

27  PETALUMA, LLC operates in Los Angeles County and employed Plaintiffs and other current and

28  former aggrieved hourly non-exempt California-based employees in Los Angeles County,

1  including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

2      27.   Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

3  HEALTHCARE GOLDEN PALMS, LLC is authorized to do business within the State of

4  California and is doing business in the State of California and/or that Defendants DOES 101-105

5  are, and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR

6  HEALTHCARE GOLDEN PALMS, LLC in the establishment of, or ratification of, the

7  aforementioned illegal wage and hour practices or policies. Defendant WINDSOR

8  HEALTHCARE GOLDEN PALMS, LLC operates in Los Angeles County and employed

9  Plaintiffs and other current and former aggrieved hourly non-exempt California-based employees

10  in Los Angeles County, including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

11      28.   Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

12  TWIN PALMS HEALTHCARE CENTER, LLC is authorized to do business within the State of

13  California and is doing business in the State of California and/or that Defendants DOES 106-110

14  are, and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR TWIN

15  PALMS HEALTHCARE CENTER, LLC in the establishment of, or ratification of, the

16  aforementioned illegal wage and hour practices or policies. Defendant WINDSOR TWIN PALMS

17  HEALTHCARE CENTER, LLC operates in Los Angeles County and employed Plaintiffs and

18  other current and former aggrieved hourly non-exempt California-based employees in Los

19  Angeles County, including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

20      29.   Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR

21  ARVIN HEALTHCARE, LLC is authorized to do business within the State of California and is

22  doing business in the State of California and/or that Defendants DOES 111-115 are, and at all

23  times relevant hereto were persons acting on behalf of Defendant WINDSOR ARVIN

24  HEALTHCARE, LLC in the establishment of, or ratification of, the aforementioned illegal wage

25  and hour practices or policies. Defendant WINDSOR ARVIN HEALTHCARE, LLC operates in

26  Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-

27  exempt California-based employees in Los Angeles County, including but not limited to, at 3533

28  Motor Ave, Los Angeles, CA 90034.

30. Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR BAKERSFIELD HEALTHCARE, LLC is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 116-120 are, and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR BAKERSFIELD HEALTHCARE, LLC in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant WINDSOR BAKERSFIELD HEALTHCARE, LLC operates in Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-exempt California-based employees in Los Angeles County, including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

31. Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR CYPRESS GARDENS HEALTHCARE LLC is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 121-125 are, and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR CYPRESS GARDENS HEALTHCARE LLC in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant WINDSOR CYPRESS GARDENS HEALTHCARE LLC operates in Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-exempt California-based employees in Los Angeles County, including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

32. Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR GARDENS CONVALESCENT CENTER OF LONG BEACH is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 126-130 are, and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR GARDENS CONVALESCENT CENTER OF LONG BEACH in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant WINDSOR GARDENS CONVALESCENT CENTER OF LONG BEACH operates in Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-exempt California-based employees in Los Angeles County, including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

**EXHIBIT 1** **Page 25**

33.    Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR CONVALESCENT CENTER OF NORTH LONG BEACH is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 131-135 are, and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR CONVALESCENT CENTER OF NORTH LONG BEACH in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant WINDSOR CONVALESCENT CENTER OF NORTH LONG BEACH operates in Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-exempt California-based employees in Los Angeles County, including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

34.    Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR GARDENS CONVALESCENT HOSPITAL OF LOS ANGELES is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 136-140 are, and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR GARDENS CONVALESCENT HOSPITAL OF LOS ANGELES in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant WINDSOR GARDENS CONVALESCENT HOSPITAL OF LOS ANGELES operates in Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-exempt California-based employees in Los Angeles County, including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

35.    Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR GARDENS CONVALESCENT CENTER OF SAN DIEGO is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 141-145 are, and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR GARDENS CONVALESCENT CENTER OF SAN DIEGO in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant WINDSOR GARDENS CONVALESCENT CENTER OF SAN DIEGO operates in Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-exempt

California-based employees in Los Angeles County, including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

36.     Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR CARE CENTER NATIONAL CITY, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 146-150 are, and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR CARE CENTER NATIONAL CITY, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant WINDSOR CARE CENTER NATIONAL CITY, INC. operates in Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-exempt California-based employees in Los Angeles County, including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

37.     Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR TERRACE HEALTHCARE, LLC is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 151-155 are, and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR TERRACE HEALTHCARE, LLC in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant WINDSOR TERRACE HEALTHCARE, LLC operates in Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-exempt California-based employees in Los Angeles County, including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

38.     Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR COURT ASSISTED LIVING, LLC is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 156-160 are, and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR COURT ASSISTED LIVING, LLC in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant WINDSOR COURT ASSISTED LIVING, LLC operates in Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-exempt California-based employees in Los Angeles County, including but not limited to, at 3533

Motor Ave, Los Angeles, CA 90034.

39.     Plaintiffs are informed and believe and thereon allege that Defendant WINDSOR WESTLAKE HEALTHCARE, LLC is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 161-165 are, and at all times relevant hereto were persons acting on behalf of Defendant WINDSOR WESTLAKE HEALTHCARE, LLC in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant WINDSOR WESTLAKE HEALTHCARE, LLC operates in Los Angeles County and employed Plaintiffs and other current and former aggrieved hourly non-exempt California-based employees in Los Angeles County, including but not limited to, at 3533 Motor Ave, Los Angeles, CA 90034.

40.     Plaintiffs are informed and believe and thereon allege that Defendants DOES 166-200 are individuals unknown to Plaintiffs. Each of the individual Defendants is sued individually in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

41.     Plaintiffs are unaware of the true names of Defendants DOES 1-200. Plaintiffs sue said Defendants by said fictitious names and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiffs are informed and believe that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

42.     Plaintiffs make the allegations in this complaint without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proving, or persuading and Plaintiffs reserve all of Plaintiffs' right to plead in the alternative.

/ / /

/ / /

/ / /

/ / /

**FIRST CAUSE OF ACTION**

**CIVIL PENALTIES AND WAGES PURSUANT TO THE PRIVATE ATTORNEYS**

**GENERAL ACT OF 2004, LABOR CODE SECTION 2698, et seq.**

**(Against all Defendants)**

43.     Plaintiffs incorporate all paragraphs above as though fully set forth herein.

44.     During the period beginning one-year period preceding the sending of the initial notice to the LWDA to the present, Defendants violated Labor Code sections 201, 202, 203, 204, 226, 226.7, 512, and the IWC Wage Orders.

45.     Specifically, Defendants have committed the following violations of California Labor Code:

46.     **Failure to pay wages to hourly non-exempt employees for workdays that Defendants failed to provide legally required and compliant meal periods:** Plaintiffs and other current and former aggrieved California-based hourly non-exempt employees regularly worked shifts of more than five (5) hours in length and shifts of more than ten (10) hours in length.

47.     California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities prior to the employee's sixth hour of work. Labor Code sections 226.7, 512; Wage Order 5 at §11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second such meal period of not less than thirty (30) minutes prior to the start of the eleventh hour of work. *Id.* If the employee is not relieved of all duty during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when: (1) the nature of the work prevents an employee from being relieved of all duty; and (2) the parties have a written agreement agreeing to on-duty meal periods.

48.     If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally required and compliant meal period was not provided. Labor Code

**EXHIBIT 1**                                                    **Page 29**

1    section 226.7; Wage Order 5 at §11.

2        49.    In this case, Defendants failed to authorize or permit legally required and compliant

3    meal periods to Plaintiffs and other current and former aggrieved California-based hourly non-

4    exempt employees due to Defendants' policies, practices, and/or procedures, including but not

5    limited to, failing to authorize or permit Plaintiffs and other current and former aggrieved

6    California-based hourly non-exempt employees to have timely, uninterrupted duty-free meal

7    periods of no less than thirty (30) minutes.

8        50.    Additionally, Plaintiffs allege that Defendants maintained a policy, practice, and/or

9    procedure of failing to compensate Plaintiffs and other current and former aggrieved California-

10   based hourly non-exempt employees one (1) hour of pay at their regular rate of pay for each

11   workday that Plaintiffs and other current and former aggrieved California-based hourly non-

12   exempt employees did not receive legally required and compliant meal periods, in violation of

13   Labor Code section 226.7.

14       51.    Defendants' foregoing policies, practices, and/or procedures resulted in Plaintiffs

15   and other current and former aggrieved California-based hourly non-exempt employees not

16   receiving wages to compensate them for workdays during which Defendants did not provide them

17   with meal periods in compliance with California law.

18       52.    **Failure to pay wages to hourly non-exempt employees for workdays that**

19   **Defendants failed to provide legally required and compliant rest periods:** Plaintiffs and other

20   current and former aggrieved California-based hourly non-exempt employees regularly worked

21   shifts of more than three-and-a-half (3.5) hours.

22       53.    California law requires every employer to authorize and permit an employee a rest

23   period of ten (10) net minutes for every four (4) hours worked or major fraction thereof. Labor

24   Code section 226.7; Wage Order 5 at §12. Under California law, "[e]mployees are entitled to 10

25   minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more

26   than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so

27   on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code

28   section 226.7; Wage Order 5 at §12. Rest periods, insofar as practicable, shall be in the middle of

each work period. Wage Order 5 at §12. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

54.     If the employer fails to authorize or permit a required rest period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of pay for each workday the employer did not authorize or permit a legally required rest period. Labor Code section 226.7; Wage Order 5 at § 12.

55.     In this case, Defendants failed to authorize or permit all legally required and compliant rest periods to Plaintiffs and other current and former aggrieved California-based hourly non-exempt employees due to Defendants' policies, practices, and/or procedures including, but not limited to, failing to authorize or permit Employee and other current and former aggrieved California-based hourly non-exempt employees timely, uninterrupted and duty-free rest periods of a net ten (10) minutes for every four (4) hours worked or major fraction thereof.

56.     Additionally, Plaintiffs allege that Defendants maintained a policy, practice, and/or procedure of failing to compensate Plaintiffs and other current and former aggrieved California-based hourly non-exempt employees with one (1) hour of pay at their regular rate of pay for each workday they did not receive legally required and compliant rest periods, in violation of Labor Code section 226.7.

57.     Defendants' foregoing policies, practices, and/or procedures resulted in Plaintiffs and other current and former aggrieved California-based hourly non-exempt employees not receiving wages to compensate them for workdays in which Defendants did not provide them with rest periods in compliance with California law.

58.     **Failure to timely pay earned wages during employment:** In California, wages must be paid at least twice during each calendar month on days designated in advance by the employer as regular paydays, subject to some exceptions. Labor Code section 204(a). Wages earned between the 1st and 15th days, inclusive, of any calendar month must be paid between the 16th and the 26th day of that month and wages earned between the 16th and the last day,

inclusive, of any calendar month must be paid between the 1st and 10th day of the following month. *Id.* Other payroll periods such as those that are weekly, biweekly, or semimonthly, must be paid within seven (7) calendar days following the close of the payroll period in which wages were earned. Labor Code section 204(d).

59.   As a derivative of Plaintiffs' claims above, Plaintiffs allege that Defendants failed to timely pay Plaintiffs' and other current and former aggrieved California-based hourly non-exempt employees' earned wages (including meal period premium wages and/or rest period premium wages), in violation of Labor Code section 204. Defendants' aforementioned policies, practices, and/or procedures resulted in their failure to pay Plaintiffs and other current and former aggrieved California-based hourly non-exempt employees' their earned wages within the applicable time frames outlined in Labor Code section 204.

60.   **Failure to provide complete and accurate wage statements:** Labor Code section 226, subdivision (a). Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

61.   As a direct violation of Labor Code section 226(a), Defendants failed to accurately identify all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

/ / /

62.   As a derivative of Plaintiffs allegations above, Defendants' failure to pay Plaintiffs and other current and former aggrieved California-based hourly non-exempt employees all wages earned (including meal period premium wages, and/or rest period premium wages) rendered Plaintiff's and other current and former aggrieved California-based hourly non-exempt employees' wage statements inaccurate, in violation of Labor Code section 226.

63.   **Failure to pay employees all wages due at time of termination/resignation**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Labor Code section 201) or within seventy-two (72) hours of resignation (Labor Code section 202).

64.   As a derivative of Plaintiffs' allegations above, because Defendants failed to pay Plaintiffs and other current and former aggrieved California-based hourly non-exempt employees all their earned wages (including meal period premium wages, and/or rest period premium wages), Defendants failed to pay those employees timely after each employee's termination and/or resignation, in violation of Labor Code sections 201, 202, and 203.

65.   Defendants' violations of Wage Order 5 constituted violations of Labor Code section 1198, which prohibits employment under conditions of labor that violate the Wage Orders.

66.   Labor Code sections 2699, subdivisions (a) and (g) authorize an aggrieved employee, on behalf of themselves or themselves and other current or former employees, to bring a civil action to recover civil penalties against all Defendants pursuant to the procedures specified in Labor Code section 2699.3.

67.   Plaintiffs have complied with the procedures for bringing suit specified in Labor Code section 2699.3. On March 15, 2021, Plaintiffs filed notice with LWDA and provided notice to Defendants by certified mail which provided notice of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the violations alleged. On July 30, 2021, Plaintiffs filed an amended notice to include additional named Plaintiffs with LWDA and provided notice to Defendants by certified mail.

///

///

**EXHIBIT 1**                                    **Page 33**

68.    Pursuant to Labor Code section 2699.3, the LWDA must give written notice by certified mail to the parties that it intends to investigate the alleged violations of the Labor Code within 65 days of the date of the complainant's written notice. The LWDA failed to provide the parties notice within 65 days of the date of Plaintiff's letter that the LWDA intends to investigate Plaintiff's claims.

69.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiffs are entitled to recover civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 226, 226.7, and 512 during the Civil Penalty Period in the following amounts:

    a.    For violations of Labor Code sections 201, 202, 203, 204, 226.7, and 512; one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by Labor Code section 2699(f)(2)].

    b.    For violations of Labor Code section 226, two hundred fifty dollars ($250) for each employee for each pay period for the initial violation, and for each subsequent violation, one thousand dollars ($1000) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 226.3].

70.    Pursuant to Labor Code section 2699(g), Plaintiff is entitled to an award of reasonable attorney's fees and costs in connection with her claims for civil penalties.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF, ON HER BEHALF AND ON OTHER AGGRIEVED PRAYS AS FOLLOWS:**

### ON THE FIRST CAUSE OF ACTION:

1.    That the Defendants be found to have violated the provisions of the Labor Code and the IWC Wages Orders as to the Plaintiffs and aggrieved employees;

2.    For any and all legally applicable penalties during the relevant statute of limitations subject to any permissible tolling, including but not limited to that recoverable under California Labor Code, including but not limited to sections 2699(f).

///

**EXHIBIT 1**                    **Page 34**

1        3.    For attorneys' fees and costs of suit, including but not limited to that recoverable

2    under California Labor Code section 2699(g); and,

3        4.    For such and other further relief, in law and/or equity, as the Court deems just or

4    appropriate.

5

6

7    Dated: July 30, 2021                  Respectfully submitted,
                                        **LAVI & EBRAHIMIAN, LLP**

8

9                                By:      _____

10                                             Joseph Lavi, Esq.
                                          Vincent C. Granberry, Esq.

11                                             Pooja V. Patel, Esq.
                                          Kevin Joseph Farnan, Esq.

12                                           Attorneys for Plaintiffs

13                                           GLORIBEL TURCIOS, KAMLESH
                                        KUMAR, and YARA MEDINA

14                                           on behalf of themselves and current and
                                        former aggrieved employees

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

22

**EXHIBIT 1**                                         **Page 35**